**IOWA BEEF PROCESSORS, INC., Appellee,**

v.

**Patrick E. GORMAN, Harry R. Poole, and Sam Talarico, as representatives of the members of Amalgamated Meat Cutters and Butcher Workmen of North America, AFL–CIO; Irving Stern; Albert J. Krieger; Lex Hawkins; John A. Cochrane; Hughes A. Bagley; and Hans Aarsen.**

**The Bohack Corporation, Appellant.**

No. 79–1889.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 14, 1980.

Decided Feb. 28, 1980.

Jesse I. Levine, Shaw & Levine, Garden City, N. Y., on brief for appellant.

Edward W. Rothe and James T. Malysiak, Freeman, Rothe, Freeman & Salzman, Chicago, Ill., on brief for appellee.

Before BRIGHT, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

In *Iowa Beef Processors, Inc. v. Bagley,* 601 F.2d 949 (8th Cir.), *cert. denied,* 441 U.S. 907, 99 S.Ct. 1997, 60 L.Ed.2d 376 (1979), this court vacated an order of the district court modifying an earlier protective order that covered allegedly confidential business information, and directed that the protective order be reinstated in full. We explained that we lacked appellate jurisdiction in that case not only under 28 U.S.C. §§ 1291 and 1292, but also under the collateral order doctrine of *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). We nonetheless issued mandamus under authority of the All Writs Act, 28 U.S.C. § 1651(b), which was "meant to be used only in the exceptional case where there is a clear abuse of discretion of 'usurpation of judicial power.'" 601 F.2d at 953, *quoting Bankers Life & Cas. Co. v. Holland,* 346 U.S. 379, 383, 74 S.Ct. 145, 148, 98 L.Ed. 106 (1953). Subsequently, we modified our opinion to deny formal issuance of the writ, concluding that that was improvident. 601 F.2d at 956.

Now the Bohack Corporation, appearing as intervenor-appellant, appeals a further order of the district court denying appellant's motion to modify the protective order.[1] Specifically, appellant seeks clarifica-tion of this court's prior orders and a ruling that the district court may modify its protective order to accommodate appellant's request for discovery.

Clearly the order complained of is a non-final interlocutory action appealable, if at all, only upon certification by the district court pursuant to 28 U.S.C. § 1292(b). No such certification is shown, and thus we dismiss for lack of jurisdiction.[2]

---

1. The district court granted that part of intervenor-appellants' motion requesting that it be allowed to intervene, but denied that portion of the motion seeking modification of the protective order.

2. While acknowledging that the order in question is not final, appellant urges us to recognize an exception to the general requirement of finality in cases where, as here, a request for discovery is denied in an ancillary forum. *See e. g., Premium Service Corp. v. Sperry & Hutchinson Co.,* 511 F.2d 225 (9th Cir. 1975); *Republic Gear Co. v. Borg-Warner Corp.,* 381 F.2d 551 (2d Cir. 1967); *Westinghouse Electric Corp. v. City of Burlington,* 122 U.S.App.D.C.

65, 351 F.2d 762 (D.C. Cir. 1965); 4 Moore's Federal Practice ¶ 26.83[5] (1979). We believe, however, that this is not an appropriate case to apply the exception. The issues raised here are closely akin to those presented in the underlying litigation and only recently considered by this court in *Iowa Beef Processors v. Bagley, supra. Cf. Westinghouse Electric Corp. v. City of Burlington, supra,* 122 U.S.App.D.C. at 69, 351 F.2d at 766 (issues involved were separable from those involved in the main case).

Appellant raises no claim under the All Writs Act, and we see no basis for applying that Act here.